**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

April 16, 2020

## LETTER ORDER

**Re:** *U.S. v. Frank Michael Monte*
**Criminal Action No. 19-0821 (ES)**

Dear Parties,

It has come to the Court's attention that in recent weeks Defendant Frank Michael Monte ("Mr. Monte") has been placing multiple telephone calls to the Undersigned's Chambers. While some of these calls only seek confirmation that the Court has received his written submissions, Mr. Monte often attempts to discuss the details of his concerns with his current counsel, as well as specific details of the underlying criminal case. On each call, a member of my staff has explicitly told Mr. Monte that he cannot communicate *ex parte* with the Court, and that he can only raise substantive issues in writing, through an appropriate submission on the Court's docket.

Accordingly, the Court writes to place Mr. Monte on notice that these repeated calls are not only disruptive, but they are wholly inappropriate. Particularly, pursuant to the judicial canons, judges and court personnel cannot permit or consider "ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers." *See* Codes of Conduct for United States Judges, Canon 3(A)(4); *Kennedy v. Great Atl. & Pac. Tea Co.*, 551 F.2d 593, 596 (5th Cir. 1977) (noting that the judge's staff has "a duty as much as that of the trial judge to avoid any contacts outside the record that might affect the outcome of the litigation"). An *ex parte* communication is a "communication between counsel or a party and the court when opposing counsel or party is not present. Such communications are ordinarily prohibited." COMMUNICATION, Black's Law Dictionary (11th ed. 2019). Moreover, pursuant to the Undersigned's General Pretrial and Trial Procedures, counsel and unrepresented parties are permitted to communicate telephonically with Chambers' staff only for routine non-substantive matters.[1]

As noted above, Mr. Monte's telephonic calls often inappropriately attempt to discuss the details and substantive position of his case without the presence of the opposing party, despite the

---

[1] JUDGE ESTHER SALAS'S GENERAL PRETRIAL AND TRIAL PROCEDURES, at 3–4 §§ I.B.–D., *available at* https://www.njd.uscourts.gov/sites/njd/files/ProceduresJudge Salas.pdf.

fact that he has been placed on notice by Chambers' staff that he cannot do so.[2]  Accordingly, Mr. Monte is ordered to refrain from contacting the Undersigned's Chambers, except for purely administrative or logistical matters (such as to confirm receipt of his mailed submissions).  Any other communications and inquiries pertaining to the substance of the ongoing criminal matter must be made in paper through appropriate submissions on the Court's docket and with notice to all counsel of record.  Failure to abide by this Order may result in the Court taking further appropriate steps, including the imposition of appropriate sanctions.

The Clerk of Court shall serve a copy of this Letter Order on Mr. Monte via U.S. Mail at the following address:

> Frank Michael Monte
> J#: 2020-02000
> Essex County Correctional Facility
> 354 Doremus Avenue
> Newark, NJ 07105

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2]  Additionally, the Court notes that as a represented party, the Court is not obliged to consider Mr. Monte's *pro se* communications.  *See United States v. D'Amario*, 328 F. App'x 763, 764 (3d Cir. 2009) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)); *see also United States v. Vampire Nation*, 451 F.3d 189, 207 & n.17 (3d Cir. 2006) (observing the requirement that when parties are represented by counsel "communications take place between attorneys, not between parties and attorneys" and that courts are "not required to review a counseled defendant's *pro se* argument").  And while the Court is aware of Mr. Monte's desire to relieve his counsel and proceed *pro se*, (*see, e.g.*, D.E. No. 13), the Court has not yet had the opportunity to adjudicate that request due to the ongoing COVID-19 pandemic.  (*See* D.E. No. 26 (scheduling a hearing for May 7, 2020, to resolve all outstanding issues)); *see also Faretta v. California*, 422 U.S. 806, 835 (1975) (requiring the Court to conduct a hearing to determine whether the defendant has "knowingly and intelligently" relinquished his right to counsel).  Nor could the Court make that determination before holding a competency hearing pursuant to 18 U.S.C. § 4241.  (*See* D.E. No. 7 (ordering competency hearing after finding reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent)); *see also Gov't of Virgin Islands v. Charles*, 72 F.3d 401, 404 (3d Cir. 1995) ("In order for a waiver of the right to counsel to be valid, the court must first assure itself that the defendant is competent to waive the right.").

In any event, the Court further notes that a party who chooses to proceed *pro se* must abide by the same professional standards and procedural and substantive rules that apply to attorneys.  *See, e.g.*, *Faretta*, 422 U.S. at 834 n. 46 ("The right of self-representation is not a license to abuse the dignity of the courtroom.  Neither is it a license not to comply with relevant rules of procedural and substantive law."); *United States v. Pawelski*, 651 F. App'x 750, 758 (10th Cir. 2016) (noting the requirement that *pro se* defendants must follow the procedural and professional rules and standards that apply to attorneys); *see also In re Paige*, 738 F. App'x 85, 86 (3d Cir. 2018) (emphasizing the importance of "proper decorum and professionalism for all advocates who appear before [the court,] whether they are *pro se*, or licensed attorneys").