UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff*,<br><br>v.<br><br>FRANK MICHAEL MONTE,<br><br>        *Defendant*. | Crim. Action No. 19-821<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court are numerous motions filed by *pro se* Defendant Frank Michael Monte. D.E. 32, 34, 61, 64. On September 23, 2020, the Court verbally ruled on certain motions. D.E. 32, 34, 64. The remaining motion is one to dismiss the indictment. D.E. 61. The Government filed opposition. D.E. 67. On September 23, 2020, Defendant indicated that he did not intend to file a reply brief.

Defendant was indicted and charged with five counts, alleging violations of 18 U.S.C. § 115(a)(1)(B) and 18 U.S.C. § 875(c). D.E. 8. Defendant moves to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(1) and (b)(3)(B). D.E. 61 at 1. Defendant argues that his indictment should be dismissed because it was secured without "substantial evidence" and because the Government has not produced any inculpatory evidence. *Id.* at 2. Defendant also incorporates by reference his arguments made in D.E. 15 and D.E. 32. D.E. 15 was a request for release, but also indicated that the indictment was not based on substantial evidence and was based on hearsay. D.E. 15 at 2. D.E. 32 is also a motion for release.

The Government responds that Defendant's arguments – challenges to the sufficiency of the evidence – are not an appropriate basis on which to seek a dismissal of an indictment. D.E. 67

at 1-2.  The Government adds that Defendant has not made a facial challenge to the sufficiency of the indictment and, even if he had, the indictment is facially sound.  *Id.* at 2-3.

Rule 12(b)(1) addresses pretrial motions in a criminal case.  Fed. R. Civ. P. 12(b)(1).  Rule 12(b)(3)(B) indicates that a motion alleging a "defect in the indictment" must be made before trial.  *Id.* at 12(b)(3)(B).  The subsection provides a non-exhaustive list of the type of motions to challenge an indictment:  duplicity, multiplicity, lack of specificity, improper joinder, and failure to state an offense.  *Id.* at 12(b)(3)(B)(i)-(v).  Defendant does not raise any of the listed challenges in his motion.  Rule 7(c) addresses the "nature and contents" of an indictment.  Fed. R. Civ. P. 7(c).  Defendant does not argue that the indictment runs afoul of Rule 7(c).

Defendant's motion is denied for three reasons.  First, and foremost, Defendant does not raise a proper basis to challenge the indictment.  However, because Defendant is proceeding *pro se*, the Court construes his motion liberally.  Yet, even in construing Defendant's motion liberally, Defendant's motion is insufficient because it cites to the wrong standard applicable to the return of an indictment and because hearsay can be considered by a grand jury in returning an indictment.  Moreover, Defendant fails to provide any factual allegations to support his conclusory allegations.  As a result, Defendant's motion to dismiss is denied.

For the foregoing reasons and the reasons previously stated on the record, and for good cause shown,

IT IS on this 25th day of September, 2020,

**ORDERED** that Defendant's motion to dismiss, D.E. 61, is **DENIED**; and it is further

  **ORDERED** that Defendant's motions to be released on his own recognizance, D.E. 32, 34, are **DENIED without prejudice**[1]; and it is further

  **ORDERED** that Defendant's motion for reconsideration, D.E. 64, is **DENIED**[2]; and it is further

  **ORDERED** that the Clerk's Office shall mail a copy of this Opinion & Order to Defendant by regular mail to the facility where Defendant is currently detained.

                     _____
                      John Michael Vazquez, U.S.D.J.

---

[1] As the Court explained to Defendant, if Defendant believes that he has a sufficient bail package, the proper procedure is to provide a copy of the proposed bail package to Pretrial Services for their review and to make a corresponding motion (in the first instance) for bail to the Magistrate Judge (Judge Waldor) who presided over his initial appearance.

[2] As the Court explained to Defendant, the Court does not have jurisdiction to hear the fee dispute between Defendant and his prior counsel.